UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: JASON M. SILVER | Case No. 23-10593 |
| Debtor, | F. Kay Behm<br>United States District Judge |
| L&L GOLD ASSOCIATES, INC. | _____ |
| Appellant, | Bankruptcy Case No. 17-41723 |
| v. | Joel D. Applebaum<br>Bankruptcy Judge |
| KAREN E. EVANGELISTA, *et al.*, | |
| Appellees.<br>_____ / | Adversary Proceeding No. 18-04403 |

**OPINION AND ORDER DENYING MOTION FOR**
**LEAVE TO FILE BANKRUPTCY APPEAL (ECF No. 1)**

**I.    PROCEDURAL HISTORY**

Appellant L&L Gold Associates, Inc. (Gold or Appellant) moves this court for leave to file an interlocutory appeal of certain orders of the Bankruptcy Court. (ECF No. 1, PageID.53-60).  Appellant seeks leave to appeal the Order Granting Great Lakes' Motion to Intervene (ECF No. 1, PageID.4-5), the Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment (ECF No. 1, PageID.6-39), and the Order Denying Motion for Reconsideration (ECF No. 1, PageID.45-52).  *Id*. at PageID.60.  Appellees filed a response (ECF No. 3), and Appellant filed a reply (ECF No. 5).  This matter is now ready for determination.

1

For the reasons set forth below, the application for leave to file an interlocutory appeal is **DENIED**.

**II.     BANKRUPTCY COURT DECISIONS**

Karen Evangelista is the duly appointed Chapter 7 Trustee of the Debtor's estate, which owns 100% of the shares of Silver's Jewelry & Loan, Inc. (Silver's). On August 30, 2018, the Trustee filed a multi-count complaint against the Debtor and Gold.  Both Silver's and Gold are pawn brokers.  The complaint seeks to recover pawn loans made by Silver's that were transferred to Gold.  Great Lakes is the secured lender of Silver's in 2013, with an all asset, first priority perfected security interest in all of Silver's assets, including all of the pawn loans that Gold obtained from Silver's.

The bankruptcy court granted Great Lakes' motion to intervene for the reasons given by the bankruptcy court during the hearing on August 18, 2021. (EDMI Bankruptcy Adversary Proceeding 18-04403, No. ECF 158).  The Intervention Order did not allow Great Lakes to assert any new claims against Gold or to modify the Complaint in any way.  (*Id.* at ECF 164).  After the Intervention Order, Great Lakes and the Trustee reached an agreement, subject to bankruptcy court approval, whereby Great Lakes was given derivative standing to prosecute the Adversary Proceeding on behalf of the bankruptcy estate.  The

court approved this agreement in an opinion read into the record on July 28, 2022. (*Id*. at ECF 220).

The parties filed cross motions for summary judgment. The Trustee and Great Lakes voluntarily dismissed counts I, II, and IV. (*Id*. at ECF 228, p. 3). Great Lakes acknowledged that the statutory conversion claim requires a showing of knowledge, an issue of fact that could not be decided on summary judgment. *Id*. Thus, there were only three counts for the bankruptcy court to address in the cross-motions: Count III (avoidance of fraudulent transfers under state law alleging actual intent to hinder, delay or defraud creditors); Count VI (liability for common law conversion); and Count VII (alter ego). *Id*. The bankruptcy court ruled in favor of Gold on Counts III and VII and ruled in favor of the Trustee and Great Lakes on Count VI as to liability only. (*Id*. at p. 4).

Gold then moved for reconsideration of the Summary Judgment Order, asserting four arguments: (1) that the bankruptcy court lacked subject matter jurisdiction under 28 U.S.C. § 1334, but without addressing at all "related to" jurisdiction; (2) that the doctrine of *in pari delicto* barred the conversion claims; (3) that the statute of limitations precludes the claim for conversion; and (4) that the pawned assets did not belong to the Debtor and that Great Lakes did not have an interest in the pawned assets. The bankruptcy court rejected each of Gold's arguments and denied the motion for reconsideration. (*Id*. at ECF 243).

3

### III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 158(a)(3), a district court may hear an appeal from a bankruptcy court's interlocutory order if the district court grants a party's motion for leave to file such an appeal. Because neither 28 U.S.C. § 158(a), nor Fed. R. Bankr. P. 8004 state how a district court should determine whether to grant an appellant leave to appeal, district courts have adopted the standard set forth in 28 U.S.C. § 1292(b), which deals with interlocutory appeals from district courts to courts of appeal. *In re Brentwood Golf Club*, 329 B.R. 239, 242 (E.D. Mich. 2005); *In re Ragle*, 395 B.R. 387, 394 (E.D. Ky. 2008). In the Sixth Circuit, courts may permit an interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re ASC Inc.*, 386 B.R. 187, 194 (E.D. Mich. 2008) (citing *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)). "It is well-established that all three statutory requirements must be met for the court to certify an appeal under § 1292(b)." *Lang v. Crocker Park LLC*, 2011 WL 3297865, at *5 (N.D. Ohio July 29, 2011) (citing *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994)); *In re Great Atl. & Pac. Tea Co.*, 615 B.R. 717, 722 (S.D.N.Y. 2020) ("A court certifying a decision for interlocutory appeal must be of the opinion that all three of these statutory conditions are met."). Even when all three criteria are

4

met, "district courts have 'unfettered discretion to deny certification' in light of the strong bias in federal practice against interlocutory appeals." *In re Great Atl. & Pac. Tea Co.*, 615 B.R. at 722 (citation omitted).

Notably, interlocutory appeals in bankruptcy cases should be the exception, rather than the rule. *In re Doria*, 2010 WL 2870813, at *2 (E.D. Mich. July 21, 2010) (citing *In re ASC Inc.*, 386 B.R. at 194). Because interlocutory appeals contravene the judicial policy opposing piecemeal litigation and cause delay and disruption, they should be granted sparingly and upon a showing of "extraordinary circumstances." *In re Gray*, 447 B.R. 524, 533 (E.D. Mich. 2011); *see also In re Miedzianowski*, 735 F.3d 383 (6th Cir. 2013). "Section 1292(b) 'was not intended merely to provide review for difficult rulings in hard cases.'" *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 723 (E.D. Mich. 2002) (quoting *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). Finally, notwithstanding the above factors, the decision to allow an interlocutory appeal from the bankruptcy court ultimately lies within the sound discretion of the district court. *Sigma Fin. Corp.*, 200 F. Supp. 2d at 723 (citations omitted).

**IV.   ANALYSIS**

As Appellees point out, the motion for leave to file an interlocutory appeal fails to address the applicable standard set forth in 28 U.S.C. § 1292(b). Even in

the reply, Appellant makes virtually no effort to address all three controlling factors set forth in § 1292(b). Notably, the court will not consider arguments raised for the first time in the reply. *See e.g.*, *Scottsdale Ins. Co. v. Flowers*, 415 F.3d 456, 553 (6th Cir. 2008) ("Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further the non-moving party ordinarily has no right to respond to the reply brief.... As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived"). Accordingly, Appellant's arguments regarding § 1292(b) are waived and leave to appeal is denied for this reason alone.

Even if the court considered Appellant's arguments regarding § 1292(b) in the reply, its motion still fails. Appellant attempts to argue that there is a controlling question of law presented but has made no effort to satisfy the second prong – whether there is a "substantial ground for difference of opinion" or the third prong – whether an immediate appeal may materially advance the ultimate termination of the litigation. The second requirement under § 1292(b) is that there be a substantial ground for difference of opinion as to the controlling question of law. A substantial ground for difference of opinion may exist where:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (internal quotation marks and citations omitted).  A substantial ground for difference of opinion requires a substantial disagreement regarding the law among the courts, and not simply a disagreement between the parties or a disagreement with the trial court's ruling. *In re ASC Inc.*, 386 B.R. 187, 197 (E.D. Mich. 2008).  Appellant's reply merely states its disagreement with the bankruptcy court's decision.  It does not explain how this disagreement satisfies any of the bases for finding a substantial ground for difference of opinion.

Appellant also offers no suggestion in the reply that the appeal would satisfy the third prong of the § 1292(b) test.  As to this prong, "[w]hen litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation."  *In re City of Memphis*, 293 F.3d at 351 (quoting *White*, 43 F.3d at 378-79).  Conversely, "[a]n interlocutory appeal will materially advance the litigation if it will save substantial judicial resources and litigant expenses."  *In re Regions Morgan Keegan ERISA Litig.*, 741 F. Supp. 2d 844, 851

7

(W.D. Tenn. 2010) (internal quotations and citation omitted). Again, nothing in the reply reveals any attempt by Appellant to satisfy this factor.

A party seeking to appeal must satisfy all three elements of the standard set forth in 28 U.S.C. § 1292(b) and the failure to satisfy one element requires denial of leave to appeal. *In re Brown*, 2018 WL 3496790, at *3 (M.D. Fla. July 20, 2018) (citing *In re Pac. Forest Prod. Corp.*, 335 B.R. 910, 919 (S.D. Fla. 2005)). At a minimum, Appellant has failed to satisfy the second and third elements of § 1292(b) and its motion for leave to leave to appeal must be denied.

## IV. CONCLUSION

For the reasons set forth above, Appellant's motion for leave to appeal is **DENIED**.

**SO ORDERED**.

Date: January 29, 2024

s/F. Kay Behm
F. Kay Behm
United States District Judge